**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| IN RE EFFORTLESS OFFICE ENTERPRISES DATA BREACH LITIGATION | Case No. 2:25-cv-01123-GMN-BNW<br><br>**ORDER and REPORT AND RECOMMENDATION** |

Before this Court is Defendant Nevada Heart & Vascular Center, LLP ("NHVC")'s motion to dismiss. ECF No. 46. Plaintiffs responded at ECF No. 48, and NHVC replied at ECF No. 49. For the reasons discussed below, this Court recommends that NHVC's motion to dismiss be granted.

## I. BACKGROUND

### A. Facts and Procedural History

Plaintiffs bring this putative class action individually and on behalf of a nationwide class of all individuals residing in the United States whose private information may have been compromised in a data breach suffered by Defendant Effortless Office Enterprises, LLC ("Effortless"). ECF No. 36 at 3. Effortless provided IT and cloud services to Defendant NHVC. *Id.*

An unauthorized actor accessed personal information stored on an Effortless computer network between May 9, 2024, and July 23, 2024. *Id.* at 12. Nearly a year later, on May 12, 2025, NHVC learned that some of its data was impacted as a result of this breach. *Id*. On or about June 13, 2025, Effortless began notifying individuals potentially impacted by the Effortless breach, including Plaintiffs. *Id.* at 11.

Four out of the five named Plaintiffs are alleged to be current or former NHVC patients. *Id.* at 36, 38, 40, 43. These plaintiffs allege that they were required to provide their personally identifiable information ("PII") and personal health information ("PHI"), such as their full names,

addresses, dates of birth, social security numbers, medical information, and health insurance information, to NHVC. *Id.* at 36, 38, 40, 43. They allege NHVC subsequently provided this information to Effortless. *Id.* at 36, 38, 40, 43. One of the plaintiffs, Josephine Russo, was not a patient of NHVC but was rather a patient at Saint Rose Hospital[1]—a hospital that also used Effortless's services. *Id.* at 42. Plaintiff Russo alleges that she was required to provide her PII and PHI to Saint Rose Hospital, and that Saint Rose Hospital subsequently provided the information to Effortless. *Id.*

All Plaintiffs allege that they diligently protect their private information and that they are not aware of ever being a part of a data breach involving their medical records. *Id.* at 36, 38, 40, 42, 43. All Plaintiffs also allege that they have taken multiple steps to avoid identity theft, including increasingly reviewing their credit monitoring service, setting up notices and reports, and carefully reviewing all their accounts. *Id.* at 37, 39, 41, 43, 44. They allege that they have already spent many hours of valuable time dealing with the data breach and that they anticipate spending considerable time and money on an ongoing basis trying to mitigate and address harms caused by the breach. *Id.* at 37, 39, 41, 43, 44. Plaintiffs allege that they are presently at risk and will continue to be at increased risk of identity theft and fraud for their lifetimes. *Id.* at 38, 40–43, 45.

All Plaintiffs allege that they have suffered actual injuries from having their private information compromised because of the breach, including damage to and diminution in the value of their private information, violation of privacy rights; and present, imminent, and impending injury from the increased risk of identity theft and fraud. *Id.* at 37, 39–41, 43–44. Plaintiffs also allege that they have experienced significant worry, anxiety, and emotional distress regarding the disclosure of their private information. *Id.* at 38, 40–41, 43, 45.

Plaintiff Laurana Smith adds that she experienced actual injury in the form of a fraudulent login attempt on her Microsoft Xbox account originating from out of the state following the data breach. *Id.* at 37. Plaintiff Nguyen adds that she received notification from a commercially

[1] Saint Rose Hospital is not named as a defendant in the complaint.

available product that her social security number was found on the dark web following the data breach. *Id.* at 40. Plaintiff Richard Obringer alleges that he has experienced a significant increase in spam text messages, telephone calls, and emails since the breach occurred. *Id.* at 41. Plaintiff Carden alleges that an unauthorized third party purchased an iPhone on his Costco Visa card on July 17, 2025, and that following the data breach, an unauthorized third party opened several accounts using his email address. *Id.* at 45. He also adds that he experienced a significant increase in spam text messages and emails following the data breach. *Id.*

After several cases arising out of the same data breach were filed, the cases were consolidated. *See* ECF No. 30 (consolidating 2:25-cv-01134-GMN-EJY, 2:25-cv-01135-GMN-BNW, 2:25-cv-01142-GMN-MDC, 2:25-cv-01145-GMN-EJY, 2:25-cv-01149-GMN-MDC, 2:25-cv-01486-GMN-EJY under 2:25-cv-01123). Plaintiffs filed a class action complaint against both NHVC and Effortless alleging four causes of action: (1) negligence/negligence per se; (2) breach of third-party beneficiary contract as to Defendant Effortless; (3) invasion of privacy/intrusion upon seclusion as to both Defendants; and (4) unjust enrichment. ECF No. 36 at 49–59. Defendant NHVC moves to dismiss the claims against it. *See generally* ECF No. 46.

**B. Parties' Arguments**

First, Defendant NHVC argues that Plaintiffs lack Article III standing and moves to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 46 at 6, 8. Second, NHVC moves to dismiss Plaintiffs' claims for negligence/negligence per se, invasion of privacy, and unjust enrichment under Rule 12(b)(6) as Plaintiffs fail to state claims upon which relief can be granted. *Id.* at 9–10. In addition to arguing that Plaintiffs failed to establish all the elements of their claims, NHVC argues that Plaintiffs' complaint fails to satisfy Rule 8 because Plaintiffs fail to clearly distinguish their factual allegations as to NHVC from their factual allegations as to Effortless. *Id.* at 12.

Plaintiffs respond that they have Article III standing because their injuries are traceable to NHVC and they suffered injuries-in-fact. ECF No. 48 at 6–7. Plaintiffs also argue that they have sufficiently pled each element of each of their claims and that the complaint satisfies Rule 8 by

sufficiently alleging NHVC's own failure to adopt reasonable data security practices. *Id.* at 10, 12, 14, 17.

## II. DISCUSSION

### A. Article III Standing

The absence of standing is properly raised in a Rule 12(b)(1) motion because standing is a limitation on the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). At the pleading stage, a plaintiff must establish standing by showing (1) an injury in fact that is concrete and particularized and actual or imminent, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992). Here, NHVC argues that Plaintiffs have failed to establish that they have suffered concrete injuries-in-fact and that their injuries are causally connected to NHVC's conduct. ECF No. 46 at 6, 8. NHVC does not challenge redressability.

"The party invoking federal jurisdiction bears the burden of demonstrating standing." *Transunion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021). "[S]tanding is not dispensed in gross," and "plaintiffs must demonstrate standing for each claim that they press" against each defendant, "and for each form of relief that they seek." *Id.* at 431; *Murthy v. Missouri*, 603 U.S. 43, 44 (2024).

#### 1. Existence of a Concrete Injury-in-Fact

NHVC argues that some injuries alleged by Plaintiffs do not constitute injuries-in-fact for the purposes of Article III standing. ECF No. 46 at 8. NHVC argues that Plaintiffs fail to establish that their alleged emotional distress constitutes an injury-in-fact because they do not allege physical injury. ECF No. 46 at 8. NHVC also argues that Plaintiffs fail to establish that their claims for lost time constitute an injury-in-fact because all Plaintiffs except Plaintiff Nguyen fail to allege out-of-pocket expenses. *Id.*

But NHVC confuses the requirements of pleading a cognizable injury to support a potential cause of action with Article III's injury-in-fact requirement. The concepts of pleading injury-in-fact to assert standing and pleading damages for a cause of action are not coextensive.

*Pruchnicki v. Envision Healthcare Corp.*, 439 F. Supp. 3d 1226, 1233 (D. Nev. 2020) (citing *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 909 (8th Cir. 2016)), *aff'd* 845 F. Appx 613 (9th Cir. 2021). To successfully plead an injury-in-fact, a plaintiff must clearly allege that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560; *see also Warth v. Seldin*, 422 U.S. 490, 518 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is proper party to invoke judicial resolution of the dispute and exercise of the court's remedial powers."). "'Clearly alleging' is a lower threshold than that for sustaining a valid cause of action." *Harry v. Total Gas & Power N. Am.*, 889 F.3d 104, 110 (2nd Cir. 2018) (internal citation omitted).

The Ninth Circuit has found allegations of anxiety, stress, or worry sufficient to establish an injury-in-fact. *See Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1117 (9th Cir. 2017) (holding that a plaintiff's allegations that inaccurate credit reporting caused "anxiety, stress, concern, and/or worry about his diminished employment prospects" were sufficient to establish an injury-in-fact); *see also Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1142 (9th Cir. 2010) (referring to one plaintiff's allegation that he has "generalized anxiety and stress" as a result of the theft of a laptop containing his personal information as a present injury). The Ninth Circuit has also found that lost time spent dealing with wrongful conduct, with or without out-of-pocket costs, can constitute a cognizable injury-in-fact for the purposes of standing. *See Sisley v. Sprint Communications Co., L.P.*, 284 Fed. App'x. 463, 466 (9th Cir. 2008).

Here, Plaintiffs allege that they have experienced "significant worry and feelings of anxiety and emotional distress regarding the disclosure of [their] Private Information". ECF No. 36 at 38, 40–41, 43, 45. They also allege that they lost time that they would have spent engaging in other activities monitoring their financial accounts, contacting financial institutions, and placing "freezes" and "alerts" with credit reporting agencies. *Id.* at 32. Because Plaintiffs clearly

allege they suffered both anxiety and lost time as a result of the data breach, this Court finds that Plaintiffs have established cognizable injuries-in-fact to establish standing.[2]

**2. Causal Connection Between Injury and Defendant's Conduct**

NHVC argues that Plaintiffs' complaint fails to show that their alleged injuries are fairly traceable to actions taken by NHVC. ECF No. 46 at 6. It argues that none of Plaintiffs' allegations make sense as pled when applied to NHVC rather than Effortless. *Id.* They maintain it was the Effortless network, not that of NHVC, that was breached. *Id.* And that NHVC was not even notified of the Effortless breach until nearly a year after it occurred. *Id.* They argue that, while courts in this District have found a data breach notice to be sufficient to establish traceability, *see e.g.*, *Stallone v. Farmers Grp., Inc.*, No. 2:21-cv-01659-GMN-VCP, 2022 WL 10091489, at *9 (D. Nev. Oct. 15, 2022), it was Effortless that sent out notification letters stating that its systems had been breached, not NHVC. *Id.* at 7.

NHVC also argues that Plaintiff Russo does not have standing as to NHVC because she was not a patient there. *Id.* Plaintiff Russo specifically asserts that she provided her PII and PHI to Saint Rose Hospital. *Id.*

Although at the pleadings stage, allegations that the plaintiff's injury was caused by the defendant's conduct may suffice, such allegations must be supported by facts. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In their opposition to NHVC's motion to dismiss, Plaintiffs argue that NHVC's conduct reasonably caused their injuries because NHVC chose Effortless to store Plaintiffs' PII and PHI, and NHVC failed to properly supervise their agent to ensure the proper implementation of appropriate cybersecurity controls. But Plaintiffs do not allege this causal connection in the complaint. *See Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (stating that a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition, in determining whether to grant defendant's motion to dismiss).

---

[2] This Court acknowledges NHVC's argument that these injuries do not constitute cognizable harm to establish damages for Plaintiffs' claims. This Court addresses these arguments in Section B.

Moreover, while this Court's review of existing data-breach caselaw indicates that courts regularly find traceability where a business's own system is breached, Plaintiffs identify no authority (and this Court has found none) to indicate that a breach of a business's IT vendor traces to the business itself. *See e.g.*, *Attias v. Carefirst, Inc.*, 865 F.3d 620, 629 (D.C. Cir. 2017) (finding traceability where CareFirst's customer database was breached); *In re Marriott International, Inc., Customer Data Security Breach Litigation*, 440 F. Supp. 3d. 447, 455 (D. Md. 2026) (naming both Marriott International Inc., and Accenture, LLP, which provided cybersecurity assistance to Marriott, as defendants after *Marriott's* guest information database was breached); *In re Data Breach Sec. Litig. Against Caesar's Ent., Inc.*, No. 2:23-cv-01447-ART-BNW, 2025 WL 2393024. At *6 (D. Nev. Aug. 15, 2025) (finding traceability where Caesar's own rewards program system was breached).

Accordingly, this Court finds that Plaintiffs fail to sufficiently establish a causal connection between their injuries and NHVC's conduct in their complaint and recommends that NHVC's motion to dismiss be granted for lack of standing. As explained below, Plaintiffs will be granted partial leave to amend.

**3. Leave to Amend**

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court should not grant leave to amend in the presence of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962). This Court does not find that granting Plaintiffs Smith, Obringer, Nguyen, and Carden leave to establish standing (in accordance with this Report and Recommendation) would be unduly prejudicial to NHVC. Therefore, this Court recommends that these Plaintiffs' claims be dismissed with leave to amend.

Plaintiff Russo, however, cannot possibly establish that her injuries were connected to NHVC's conduct as she was not a patient of NHVC. Because Plaintiff Russo does not have standing as to NHVC, her claims against it should be dismissed with prejudice. *See Murthy v. Missouri*, 603 U.S. 43, 45 (2024) (holding that a threshold showing that a particular defendant caused the alleged harm is required to establish standing).

### B. Sufficiency of Claims Under Rule 8 and Rule 12(b)(6)

Because this Court recommends granting Plaintiffs Smith, Obringer, Nguyen, and Carden leave to amend their complaint against NHVC, it addresses the sufficiency of their claims to guide that amendment.[3]

NHVC moves to dismiss Plaintiffs' negligence/negligence per se, invasion of privacy, and unjust enrichment claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 46 at 4. Rule 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see also North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, a formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 679.

In its motion to dismiss, NHVC argues that none of the allegations specific to it describe an alleged act or omission that would substantiate Plaintiffs' claims. ECF No. 46 at 12. Rather, it argues the complaint improperly lumps together both NHVC and Effortless in a way that does not adequately distinguish allegations among them. *Id.* at 13. NHVC also argues that Plaintiffs' causes of action for negligence/negligence per se, invasion of privacy, and unjust enrichment should be dismissed for failure to state a claim. ECF No. 46 at 9–10. This Court addresses the sufficiency of each of these causes of action as they apply to NHVC in turn.

[3] This Court's use of "Plaintiffs" excludes Plaintiff Russo for the purposes of its Rule 12(b)(6) analysis because this Court recommends dismissal of Plaintiff Russo's claims against NHVC with prejudice for lack of Article III standing.

**1. Negligence/Negligence Per Se**

Under Nevada law, a negligence claim requires four elements: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (3) damages." *Sanchez ex rel. Sanchez v. Walmart Stores, Inc.*, 125 Nev. 818, 824, 221 P.3d 1276, 1280 (2009) (internal citation omitted). NHVC argues that Plaintiffs' negligence/negligence per se claims fail because Plaintiffs do not adequately allege that NHVC beached any alleged duty it may have had, or how any such breach could have proximately caused their alleged damages given that it was Effortless's network that was breached. ECF No. 46 at 9. NHVC argues that it is unclear how any of NHVC's alleged negligent acts—e.g., failing to adopt, implement, and maintain adequate security measures; failing to implement data security measures; allowing unauthorized access to Plaintiffs' private information; etc.—had any relationship to the cyber-attack of the Effortless network. *Id.* at 9.

The Court has held that allegations that a defendant collected, maintained, or controlled customers' personal information are sufficient to allege a duty at the pleading stage. *See, e.g. Archambault v. Riverside Resort & Casino, Inc.* No. 2:24-cv-01691-GMN-DJA, 2025 WL 2614044, at *6 (D. Nev. Sept. 9, 2025) (finding that Nev. Rev. Stat. 603.030 and the Nevada Supreme Court's holding in *Aleck v. ZV Nat'l Ass'n*, 137 Nev. 883, 485 P.3d 210 (2021), creates a duty to exercise reasonable case in the storage of customers' personal information). But Plaintiffs fail to specifically allege NHVC *itself* collected, maintained, or controlled Plaintiffs' personal information. Plaintiffs state that "as a condition of receiving treatment from Defendants' *clients*, Plaintiffs and Class Members were required to entrust Defendants with highly sensitive Private Information." ECF No. 46 at 9 (emphasis added). Plaintiffs' reference to "Defendants' clients" separately from "Defendants" seems to indicate that Plaintiffs recognize it was Effortless, not NHVC (Effortless's client), that ultimately maintained and controlled Plaintiffs' private information. Accordingly, Plaintiffs have failed to adequately allege that NHVC owed them a duty of care. Since Plaintiffs fail to adequately allege a duty of care, they likewise fail to allege that NHVC breached that duty of care.

The negligence per se claim stands differently. Negligence per se is not an independent cause of action, but a means of establishing the duty and breach elements of a negligence claim.

*Munda v. Summerlin Life & Health ins. Co.*, 127 Nev. 918, 922 n.3, 267 P.3d 771, 774 n.3 (2011). Plaintiffs allege that Defendants violated Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and HIPPA, 42 U.S.C. § 1302d. et. seq. But even assuming that Plaintiffs are alleging the NHVC specifically violated these Acts, Plaintiffs fail to establish causation as necessary to establish a negligence or negligence per se claim because they fail to clearly allege how NHVC's conduct proximately caused the cybersecurity breach of Effortless's system. *See Van Cleave v. Kietz-Mill Minit Mart*, 97 Nev. 414, 416, 633 P.2d 1220, 1221 (1981) ("Negligence is not actionable unless, without the intervention of an intervening cause, it proximately causes the harm for which complaint was made.") (internal citation omitted).

NHVC also argues that Plaintiffs fail to allege cognizable harm to establish the damages element of a negligence/negligence per se claim. ECF No. 46 at 9. Although Plaintiffs' complaint lists seven categories of injuries that they have suffered and will suffer as a result of the data breach, NHVC only contests Plaintiffs' alleged injuries of lost time and anxiety/emotional harm. *Id.* at 8.

NHVC first argues that all Plaintiffs except for Plaintiff Nguyen failed to establish that lost time constitutes cognizable harm. ECF No. 46 at 8. The Court has previously found that a plaintiff's lost time, without an accompanying expenditure, is insufficient to constitute a cognizable injury. *Pruchnicki v. Envision Healthcare Corp.*, 439 F. Supp. 3d 1226, 1233 (D. Nev. 2020), *aff'd* 845 F. App'x 613 (9th Cir. 2021) (holding that "tangible out-of-pocket expenses are required for lost time monitoring credit to be cognizable as damages").

Here, only Plaintiff Nguyen has alleged that she paid any out-of-pocket expenses—$29.99 per month for a credit monitoring product. ECF No. 36 at 39. Although the other Plaintiffs allege that they have spent valuable time monitoring credit reports and reviewing financial statements for signs of identity theft, none of them allege concrete out-of-pocket expenses. Plaintiffs Smith, Obringer, Russo, and Carden fail to establish that any time they lost as a result of the data breach constitutes a cognizable injury. Accordingly, only Plaintiff Nguyen has adequately pled lost time damages.

NHVC next argues that Plaintiffs failed to establish emotional distress damages. ECF No. 46 at 8. Under Nevada law, "in the absence of physical impact, proof of serious emotional distress causing physical injury or illness must be presented". *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613 (9th Cir. 2021) (citing *Olivero v. Lowe*, 116 Nev. 395, 399, 995 P.2d 1023, 1026 (2000) (internal quotation marks omitted). Plaintiffs only assert that they suffered anxiety and emotional harm "due to their Private Information's disclosure to cybercriminals." ECF No. 36 at 54. Because Plaintiffs do not assert the existence of any physical injury or illness, they fail to establish cognizable harm to warrant damages for anxiety and emotional distress.

**2. Invasion of Privacy: Intrusion Upon Seclusion**

To state a claim for intrusion upon seclusion under Nevada law, a plaintiff must allege: "(1) an intentional intrusion (physical or otherwise); (2) on the solitude or seclusion of another; (3) that would be highly offensive to a reasonable person." *People for the Ethical Treatment of Animals*, 111 Nev. 615, 630, 895 P.2d at 1279 (1995). Plaintiffs allege that "Defendants allowed unauthorized third parties access to and examination of the Private Information of Plaintiffs and Class Members, by way of Defendants' failure to protect the Private Information through reasonable data security measures." ECF No. 36 at 56.

Plaintiffs point to a case from the Western District of North Carolina to support their contention that courts have sustained intrusion-upon-seclusion claims where defendants knowingly failed to implement adequate data security measures despite awareness of the risks to personal information. *See Capiau v. Ascendum Mach., Inc.*, No. 3:24-cv-00142-MOC-SCR, WL 3747191, at *12 (W.D.N.C. Aug. 9, 2024). Although this Court notes that the allegation that *unauthorized* third parties accessed Plaintiffs' PII and PHI appears to undermine the first element of intentionality, *see Kathleen Jordan, et al. v. Absolute Dental Group, LLC et al.*, No. 2:25-cv-00986-JAD-DJA, 2026 WL 2192233, at *6 (D. Nev. July 29, 2026) (recognizing the same), there is so little applicable case law on this issue that, at this stage, this Court accepts *Capiau* as persuasive.

But even assuming allegations that a defendant knowingly failed to implement adequate data security measures is sufficient to establish intentional intrusion, Plaintiffs fail to clearly

allege that NHVC specifically maintained conditions that allowed unauthorized access when Effortless was the entity responsible for maintaining the network that was breached. Plaintiffs only use the collective term "Defendants" throughout their invasion of privacy claim. Some allegations appear to be reasonably related to NHVC's conduct (e.g., "Plaintiffs…disclosed their Private Information to Defendants as a condition of and in exchange for services"), but other allegations are less clear (e.g., "Defendants were aware of the potential of a data breach and failed to adequately safeguard its network systems or implement appropriate policies"). Because Plaintiffs improperly lumped Defendants together, it impossible to distinguish which allegations specifically apply to NHVC. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (finding that the plaintiffs did not provide fair notice of the grounds for the claims made against each of the defendants due to the complaints' use of the collective term "Defendants"); *see also Inman v. Anderson*, 294 F. Supp. 3d 907, 919 (N.D. Cal. 2018) (finding that the plaintiff's complaint lumped defendants in a way that violated the notice requirement of Rule 8(a)(2)).

**3. Unjust Enrichment**

A claim for unjust enrichment in Nevada requires (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant under circumstances such that it would be inequitable for him to retain it without payment. *Leasepartners Corp. v. Robert L. Brooks Tr.*, 113 Nev. 747, 755, 942 P.2d 182, 187 (1997). "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Id.*

NHVC argues that Plaintiffs' claim of unjust enrichment is precluded by their allegations that an operative third-party beneficiary contract exists. ECF No. 46 at 10. Plaintiffs respond that their unjust enrichment claim is expressly pled in the alternative of their breach of contract claim. ECF No. 48 at 16.

Plaintiffs only claim a breach of third-party beneficiary contract as to Effortless in their Complaint while alleging that both NHVC and Effortless were unjustly enriched. ECF No. 36 at 54, 58. Thus, it does not appear that unjust enrichment is being pled in the alternative as to

NHVC, but as its own cause of action. Plaintiffs' unjust enrichment claim must be sufficiently plead on its own. *See* Fed. R. Civ. P 8(a) ("If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

NHVC also argues that equitable claims, like unjust enrichment, are not available where the plaintiff has a full and adequate remedy at law. ECF No. 46 at 11. (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) (dismissing the plaintiff's claims for equitable restitution because she failed to allege that she lacked an adequate remedy at law)). Unlike the plaintiff in *Sonner*, Plaintiffs here allege that they face ongoing harm, including the risk of fraud and identity theft. ECF No. 36 at 58. They argue that a judgment for monetary damages will not end this ongoing harm. *Id.* Since Plaintiffs sufficiently allege that they do not have a full and adequate remedy at law to address the ongoing harm resulting from the data breach, their unjust enrichment claim is not precluded under *Sonner*.

Finally, NHVC argues that Plaintiffs do not sufficiently allege that any benefit was conferred upon it. ECF No. 46 at 11. Without such allegations, Plaintiffs fail to establish the first element of their unjust enrichment claim. *Id.* Plaintiffs respond that NHVC benefited from Plaintiffs' business, payment for medical care, and entrustment of their private information. ECF No. 48 at 14.

In the unjust enrichment section of their complaint, Plaintiffs allege that they "conferred a monetary benefit on Defendants" by specifically providing their PII to Defendants, "which Defendants used to operate its business and profit." Plaintiffs again use the collective "Defendants", improperly lumping NHVC and Effortless. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Although other parts of the complaint allege that Plaintiffs were current or former patients of NHVC and were required to provide their PII and PHI to it, Plaintiffs fail to clearly allege payment or otherwise explain how NHVC profited from the provision of Plaintiffs' PII. While Plaintiffs' opposition to NHVC's motion to dismiss more clearly explains their argument that a benefit was conferred on NHVC, the Court may only look to the allegations within the complaint when evaluating the complaint's sufficiency. *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

## III. CONCLUSION

**IT IS RECOMMENDED** that all claims against NHVC on behalf of Plaintiff Josephine Russo be **DISMISSED with prejudice** for lack of Article III standing;

**It is ORDERED** that all claims on behalf of Plaintiffs Laurana Smith, Gia Nguyen, Richard Obringer, and Jacob Carden be **DISMISSED without prejudice and with leave to amend.**

**IT IS FURTHERED ORDERED** that Plaintiffs Laurana Smith, Gia Nguyen, Richard Obringer, and Jacob Carden may have until September 16, 2026, to file an amended complaint.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 18, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE