**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURANA SMITH, *et al.*,<br><br>Plaintiffs,<br>vs.<br><br>EFFORTLESS OFFICE ENTERPRISES, LLC, *et al.*,<br><br>Defendants. | Case No.: 2:25-cv-01123-GMN-BNW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 59), of United States Magistrate Judge Brenda Weksler, which recommends that the Motion to Dismiss, (ECF No. 46), be granted, and all of Plaintiff Josephine Russo's claims against Defendant Nevada Heart & Vascular Center, LLP ("NHVC") be dismissed with prejudice for lack of Article III standing. Further pending before the Court is the Joint Motion to Stay Case, (ECF No. 60), filed by the parties. The Court addresses each filing in turn.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been

filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so has passed. (*See* R&R, ECF No. 59) (setting a September 1, 2026, deadline for objections). The Court accordingly ADOPTS the R&R in full.

The Court next turns to the parties' Joint Motion to Stay Case. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The parties explain in their Joint Motion to Stay Case that they have reached an agreement in principle on the material terms of a settlement to resolve all claims alleged in this action and request a stay of all deadlines while they finalize the settlement. (Mot. Stay 1:23–28, ECF No. 60). The Court concludes that a stay is appropriate to preserve the parties' and the Court's resources as the parties finalize their settlement agreement. The Court thus GRANTS the parties' Joint Motion to Stay Case.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 59), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Defendant NHVC's Motion to Dismiss, (ECF No. 46), is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims asserted against Defendant NHVC by Plaintiff Josephine Russo are **DISMISSED** with prejudice for lack of Article III standing.

**IT IS FURTHER ORDERED** that the Joint Motion to Stay Case, (ECF No. 60), is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending submission of a final settlement agreement by the parties.

**IT IS FURTHER ORDERED** that the parties must file a Joint Status Report no later than October 14, 2026, and every thirty days thereafter, informing the Court of the status of the settlement.

**DATED** this 29 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT